United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-21069
(Summary Calendar)
_____

ROBERT L. WOODS,

Plaintiff-Appellant,

versus

SHELDON INDEPENDENT SCHOOL DISTRICT, ET AL,

Defendants,

SHELDON INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee.

----------------------
Appeal from the United States District Court
for the Southern District of Texas
(4:04-CV-2822)
----------------------

Before SMITH, WIENER and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Robert Woods appeals the district court's grant of summary judgment in favor of Defendant-Appellee Sheldon Independent School District ("SISD") on Woods's claims of race discrimination under Title VII of the Civil Rights Act of 1964 and age discrimination under the Age Discrimination in Employment Act ("ADEA"). We affirm.

## I. FACTS & PROCEEDINGS

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Woods is a former special education teacher for the SISD. During the 2003-04 school year, the principal of the high school at which Woods taught informed him that her concerns about his job performance and professional judgment would lead her to recommend that the SISD Board of Trustees ("the Board") not extend his employment contract beyond its then-current term.[1] SISD requires its supervisors to make such contract recommendations for all professional employees each February. It is also common practice for supervisors to inform teachers of recommendation decisions before presenting them to the Board.

In March 2004, the Board voted to accept the principal's recommendation not to extend Woods's contract. Two days later, Woods submitted a letter to SISD indicating his intent to retire at the end of the then-current academic year, 2003-04.

In May of that year, Woods filed a discrimination charge with the Equal Employment Opportunity Commission. The Commission terminated its investigation of his complaint and issued a right-to-sue letter later that month. Woods filed suit in the district court the following month, alleging that SISD and several individual

---

[1] Like many Texas ISDs, SISD's teacher contracts have two-year terms, which, if all goes as anticipated, are extended annually and thus have a second year in place at all times, unless the district does not extend the contract. In such a case, the contract would expire at the end of the second or following year, not the year in which non-renewal occurs.

defendants had discriminated against him based on his age and race.[2]
Woods, an African-American, was 69 years old when he notified the
SISD of his intent to retire. Several months later, the district
court dismissed Woods's claims against the individual defendants.
SISD then filed a motion for summary judgment, which the district
court ultimately granted. Although the court granted Woods's motion
for reconsideration, it ultimately confirmed its earlier decision.
Woods now appeals.

## II. ANALYSIS

### A. Standard of Review

We review a district court's grant of summary judgment de novo,
applying the same standard as the district court.[3] Summary judgment
is appropriate where no genuine issue of material fact exists and
the moving party is entitled to judgment as a matter of law.[4] Once
the party seeking summary judgment makes the initial showing
negating any disputed, material fact, the non-moving party must
offer evidence sufficient to demonstrate the existence of one or
more genuine issues of material fact.[5] All facts and reasonable
inferences are viewed in the light most favorable to the nonmoving

---

[2] On appeal, Woods has abandoned any claim of race discrimination.

[3] Chacko v. Sabre, Inc., 473 F.3d 604, 609 (5th. Cir 2006).

[4] Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

[5] Gowesky v. Singing River Hosp. Sys., 321 F.3d 503, 507 (5th Cir.2003).

3

party, but summary judgment may nevertheless issue when no discrete facts are shown that raise a contested material fact issue.[6]

**B.    Discussion**

To prove age discrimination in employment, the employee must either provide direct evidence of discrimination or show discrimination by indirect or circumstantial evidence under the burden-shifting mechanism established in McDonnell Douglas Corp. v. Green and its progeny.[7]  Under that rubric, the employee must first make a prima facie case of discrimination.[8]  If he does so, the burden of production shifts to the employer to offer one or more legitimate, non-discriminatory reasons for the allegedly adverse employment action it took against the plaintiff.[9]  If the employer produces such a reason or reasons for its purportedly adverse employment action, the inference of discrimination drops from the case, and the employee assumes the burden of proving, by a preponderance of the evidence, that the employer's explanation is false or merely a pretext for discriminatory animus.[10] Alternatively, in a "mixed-motive" case, the employee may show that the employer's proffered reason for taking the adverse employment

---

[6] Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970).

[7] 411 U.S.792 (1973).

[8] Id. at 807.

[9] Id.

[10] Id.

4

action, while non-pretextual, is only one of the reasons for its conduct, and that another "motivating factor" is the plaintiff's protected characteristic.[11]

As Woods produced no direct evidence of age discrimination, he was required to make a prima facie case of age discrimination by showing that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age."[12] In granting summary judgment and dismissal, the district court ruled that Woods failed to prove that he was discharged at all,[13] so his ADEA claim failed. We agree.

None disputes that Woods was not terminated, but elected to retire or resign.[14] Woods contends, however, that he was constructively discharged because the actions of his supervisor, the school's principal, created a work environment so intolerable that he had no choice but to resign. In determining whether a reasonable

----

[11] See Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004).

[12] Id. at 309.

[13] We note that an employee subject to adverse employment action short of discharge can also make an ADEA claim, and we limit our requirement for proof of "discharge" to cases such as this, in which the adverse action alleged is loss of employment.

[14] On appeal, Woods insists that he resigned, but his March 2004 letter to SISD indicates his intent to "retire." The distinction is of no moment to our analysis.

employee would feel compelled to resign, courts typically consider whether the employee has been subjected to (1) a demotion, (2) a salary reduction, (3) a reduction in job responsibilities, (4) reassignment to menial work, (5) reassignment to work under a younger supervisor, or (6) badgering, harassment, or to humiliation by the employer, that is calculated to encourage an employee's resignation; or has been offered early retirement or continued employment on less favorable terms.[15]

Woods does not discuss these factors specifically on appeal, but the record makes clear that he (1) was not demoted, (2) actually received salary increases each year of his employment, (3) did not have his responsibilities reduced, (4) was not reassigned to menial work or to a younger supervisor, and (5) was not offered "early" retirement[16] or less favorable employment terms. As such, Woods's constructive discharge argument rests solely on his allegations that his principal's conduct forced him to choose either to "quit or be fired." Specifically, Woods points to (1) correspondence in which the principal expressed her concerns with his performance and her desire to resolve his employment status prior to delivering her recommendations to the Board, including one instance in which she

---

[15] Barrow v. New Orleans S.S. Ass'n, 10 F.3d 292, 297 (5th Cir. 1994).

[16] In Texas, teachers are eligible for retirement if the sum of the teacher's age and years of service equals 80. See Tex. Gov't Code § 824.202. Under this formula, Woods had been eligible to retire for more than five years when he notified SISD of his intent to retire.

stated that if he did not resign, she would terminate him,[17] (2) the principal's increased scrutiny of Woods's teaching and methods, (3) remarks by the principal indicating her desire that Woods no longer be employed at her school.

The district court found that the principal's correspondence with Woods, in which she voiced her concerns about his performance and her intent to recommend that his contract not be extended, was merely an attempt to carry out her job responsibilities dutifully and did not rise to the level of forced resignation. Regarding the single incident in which the principal mistakenly presented Woods with the choice between resignation or retirement and "termination," the court ruled that, under the circumstances, a reasonable employee who had yet to complete the first year of a two-year contract would not have viewed resignation or retirement as his only alternative to termination, but instead would have sought clarification of his employment status. Moreover, the district court noted Woods's admission that the principal, at an earlier meeting, had told him that she was going to recommend that the Board take no action on his contract, i.e., let it expire on its own terms, not terminate it. We agree with the district court's reasoning on this issue, and we pause only to note further that Woods had 23 years of experience working in Texas public schools and had to know that a school principal cannot unilaterally terminate a teacher's employment.

---

[17] The principal acknowledges referencing "termination" in one note to Woods, but claims that she did so only by mistake.

### III.   CONCLUSION

We hold that the district court correctly determined that Woods was not constructively discharged.  Consequently, he failed to make a <u>prima</u> <u>facie</u> case of age discrimination under <u>McDonnell Douglas</u>. Thus, his ADEA claim fails.  We need not address, therefore, Woods's "pretext" or "mixed-motive" arguments, except to note that they are ably rebutted on appeal in SISD's brief.  Accordingly, the district court's order granting summary judgment to SISD and dismissing Woods's action is, in all respects, AFFIRMED.